United States District Court
Southern District of Texas
**ENTERED**
May 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **HUAQIANG ZHAO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00508** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by Petitioner Huaqiang Zhao ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for a Writ of Habeas Corpus, (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** as premature.

## Background

Petitioner is a native and citizen of China who entered the United States on May 13, 2025, and was apprehended shortly after entry. (Dkt. 1 at 5; Dkt. 5 at 1; Dkt. 6 at ¶ 4.)[1] Petitioner was placed into expedited removal proceedings and ordered removed to China. (Dkt. 5 at 2; Dkt. 6 at ¶ 4–5.) On July 8, 2025, Petitioner expressed fear of removal to China and was given a credible fear interview which he passed. (*See* Dkt. 5 at 2; Dkt. 6 at ¶ 6.) He was subsequently issued a Notice to Appear (NTA) placing him into removal proceedings under Section 240 of the

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Immigration and Nationality Act (INA). (Dkt. 5 at 2; Dkt. 6 at ¶ 7.) On October 6, 2025, the Immigration Judge dismissed Petitioner's removal proceedings without prejudice because DHS did not provide evidence that Petitioner was properly served with an NTA. (Dkt. 5 at 2; Dkt. 6 at ¶ 8.) That same day, DHS served a new NTA on Petitioner and filed it with the Immigration Court. (Dkt. 5 at 2; Dkt. 6 at ¶ 8.) On December 18, 2025, the Immigration Judge (IJ) ordered Petitioner's removal from the United States. (Dkt. 1 at 5; Dkt. 5 at 2; Dkt. 6 at ¶ 9.) Petitioner did not appeal the IJ's order to the Board of Immigration Appeals (BIA). (*See* Dkt. 1 at 5; Dkt. 5 at 2.) Petitioner has remained continuously detained immigration custody throughout his removal proceedings for a total of nearly one year since his arrival in the United States. (*See* Dkt. 1 at 5; Dkt. 5 at 1–2.)

Petitioner filed his petition for Writ of Habeas Corpus with the Court on March 26, 2026. (Dkt. 1.) He also filed an Emergency Motion for a temporary restraining order to prohibit transfer to another detention facility. (Dkt. 1, Attach. 7.) In his petition, Petitioner alleges that his ongoing post-removal-order detention violates his rights under the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231 as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and asks to be immediately released from custody. (*Id.* at 5–8.) Alternatively, Petitioner argues that he is entitled to a custody redetermination hearing. (*Id.* at 7–8.)

Upon receipt of the petition, the Court ordered Respondents to file a response on or before April 3, 2026. (Dkt. 3.) Respondents filed a timely Motion for Summary Judgment, (Dkt. 5), arguing that Petitioner's detention is lawful and any habeas claim is premature because he has been detained for less than six months since his order of removal became final and there is a significant likelihood of removal to China in the reasonably foreseeable future. (Dkt. 5 at 4–5) (citing *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) and *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)). Respondents also submitted that on January 27, 2026, ICE's Office of Enforcement

and Removal Operations (ERO) initiated a travel document request on behalf of Petitioner to China. (Dkt. 5 at 2; Dkt. 6 at ¶ 10.) Petitioner filed a reply to Respondents' response arguing that he is entitled to release from custody under *Zadvydas*. (Dkt. 8.)

**Discussion**

The Court cannot grant Petitioner relief at this time because he has not submitted sufficient evidence to overcome the presumption in *Zadvydas* that his post-removal-order detention is constitutionally permissible for a period of six months. Because he has failed to overcome the presumption, Petitioner's arguments for release are premature given that he has been detained for less than five months since his removal order became final. (*See* Dkt. 1 at 5; Dkt. 5 at 2; Dkt. 6 at ¶ 9); 8 C.F.R. § 1241.1.

In *Zadvydas*, the Supreme Court recognized that "permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citation omitted). Thus, the Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). The Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final.[2] *Id.* at 701. After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with

[2] Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem*, 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii).

evidence sufficient to rebut that showing." *Id.* If the Government cannot offer sufficient rebuttal evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007) (finding that petitioner had failed to meet his initial burden when he offered "nothing beyond [his] conclusory statements").

Here, Petitioner argues that he has provided a good reason to believe his removal to China is not foreseeable because of the length of his detention and thus, the burden has shifted to Respondents to justify his continued detention. (Dkt. 1 at 6–7; Dkt. 8 at 3–4.) In his reply, he argues that Respondents failed to submit any concrete evidence of imminent removal and have instead provided only generalized assertions that removal is foreseeable. (Dkt. 8 at 3–4.) But Petitioner has misapplied the *Zadvydas* framework because he has been detained for less than six months since his removal order became final. Thus, Petitioner cannot shift the burden to the government and must instead overcome the presumption that his detention is lawful by demonstrating that his removal is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699–701; *see also Sagastizado v. Noem*, 2025 WL 2957002, at *7 n.3 (S.D. Tex. Oct. 2, 2025) (concluding that the six-month period in *Zadvydas* is a rebuttable not preclusive presumption); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) (same). Petitioner has failed to submit sufficient evidence showing that his removal is not reasonably foreseeable to meet this higher standard. Because he has not overcome the presumption, Petitioner's arguments that his detention has become unconstitutionally prolonged are premature given that he has been detained for less than five months since his removal order became final.

## CONCLUSION

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Petitioner's Emergency Motion for a Very Narrow Temporary Restraining Order is **DENIED** as moot. (Dkt. 1, Attach. 7.) Respondents' Motion for Summary Judgment, (Dkt. 5), is **GRANTED**.

Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention has become unconstitutionally prolonged under *Zadvydas*. A separate final judgment will follow. Fed. R. Civ. Pro. 58(a).

IT IS SO ORDERED.

SIGNED this May 12, 2026.

Diana Saldaña
United States District Judge